UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMEO LOREE GARRETT, | No. 2:21-cv-1270 TLN AC P |
| Petitioner, | |
| v. | ORDER and |
| STATE OF CALIFORNIA, | FINDINGS and RECOMMENDATIONS |
| Respondent. | |

Petitioner, a county jail inmate proceeding pro se, seeks habeas relief and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF Nos. 1, 4, 6, 7, 10, 33 (habeas petitions and in forma pauperis applications).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In addition to filing three in forma pauperis applications and two amended petitions, petitioner has filed a number of other motions, including but not limited to an emergency motion for release, a "request for writ of review," a request for recusal of judges, a request for removal, a request for transfer, requests for addresses of different courts, and requests for other miscellaneous relief.  See ECF Nos. 14, 16, 28, 19-24, 26, 30, 32, 35.  Various supplements, letters, exhibits, and notices to the court are interspersed with petitioner's motions.  See ECF Nos. 8, 11-13, 15, 17, 18, 25, 27, 29, 31, 34, 37.

////

1

For the reasons stated below, petitioner's motions to proceed in forma pauperis will be denied as incomplete. In addition, it will be recommended that this case be summarily dismissed and all outstanding motions be denied as moot.

I. PROCEDURAL HISTORY

On July 21, 2021, petitioner filed his initial petition for writ of habeas corpus. ECF No. 1. On July 26, 2021, the undersigned directed petitioner to file an application to proceed in forma pauperis within thirty days or, in the alternative, to pay the filing fee. See ECF No. 3 at 1. At that time, petitioner was warned that failure to comply with the court's order would result in a recommendation that this action be dismissed. See id.

Petitioner filed an application to proceed in forma pauperis on August 11, 2021. See ECF No. 6. The application, however, is incomplete. Specifically, the certification section to be filled out by non-CDCR incarcerated individuals has not been completed, and the application is not accompanied by petitioner's six-month trust fund account statement. See generally id.; see also 28 U.S.C. § 1915(a)(1)-(2) (in forma pauperis requirements). The two subsequent in forma pauperis applications that petitioner filed on August 13, 2021 and September 23, 2021 have the same deficiencies. See ECF Nos. 10, 33.

II. DISCUSSION

A. Petitioner Has Failed to File A Completed IFP Application

Litigants must pay all required fees or receive permission under 28 U.S.C. § 1915 to proceed in forma pauperis before they may proceed in district court. Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); see 28 U.S.C. § 1914(a). An action may proceed without the prepayment of fees only upon a proper application to proceed in forma pauperis ("IFP"). See 28 U.S.C. §§ 1914, 1915(a). As noted above, petitioner's several IFP applications lack required information. Because petitioner has failed to file completed in forma pauperis applications, his applications will be denied.

B. Screening Under Rule 4, Rules Governing Habeas Corpus Cases

1. Standards

The court is required to screen all habeas petitions upon filing, and to summarily dismiss

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. Petitions brought pursuant to Section 2241 may be subjected to the same screening requirements. See Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); see also Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4). Accordingly, whether petitioner is in custody pursuant to a state court judgment and thus seeking relief under 28 U.S.C. § 2254, or is in pre-judgment custody and seeking relief under 28 U.S.C. § 2241, this case must be summarily dismissed if it plainly appears from his pleadings that petitioner is not entitled to relief.

2. The Petitions

The initial petition, ECF No. 1, describes petitioner's alleged abuse by authorities at the Amador County Jail and Jackson Hospital, and appears to challenge petitioner's pretrial detention. The petition does not specifically identify any grounds for federal habeas relief. Rather, it consists of a litany of complaints about petitioner's treatment at the hands of local law enforcement and the Amador County criminal justice system. The petition addresses, among other things, past mistreatment by police, the lack of proper medical care in the jail, and alleged denial of petitioner's rights in ongoing superior court proceedings. Id.

The first amended petition, ECF No. 4, begins with the allegation that petitioner is being held as a hostage by Amador County Jail officials who are members of a Vatican conspiracy and are related to Adolf Hitler. Petitioner appears to allege that his arrest and pretrial detention are in retaliation for his testimony at Nuremberg and as a witness at other international proceedings against the conspirators. Id.

The second amended petition, ECF No. 7, clarifies that petitioner is challenging his present detention pending misdemeanor and conservatorship proceedings. He alleges that he was arrested while not committing a crime, on a warrant for failure to appear that had been dismissed. He challenges his subsequent "muting" in court, other violations of due process and of his rights as a criminal defendant, as well as assault, harassment, and denial of medical care at the jail. Id.
////

      3.   This Court Cannot Entertain Petitioner's Challenges to Pending State Court Proceedings

It appears that petitioner's superior court proceedings are ongoing. It is axiomatic that a petitioner must await the outcome of state proceedings before commencing a federal habeas corpus action. Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1998). The requirements of finality and exhaustion of state court remedies both require that petitioner raise all issues going to the constitutionality of his confinement in the superior court, appeal any adverse rulings, and complete the state court review process before seeking relief in federal court. See id.; see also Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). These procedural rules serve important principles of comity. See Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988); see also Younger v. Harris, 401 U.S. 37 (1971) (federal courts may not interfere with a pending state criminal case, and therefore should abstain from entertaining civil claims for relief that would interfere with ongoing state court proceedings).

      4.   This Court Cannot Entertain Issues Outside the Scope of Habeas Jurisdiction

Claims in a federal habeas petition must lie at the core of habeas corpus in order to be actionable. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016), cert. denied 137 S. Ct. 645 (2017). Specifically, habeas jurisdiction extends only to claims challenging the validity or duration of a prisoner's confinement. See generally Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018). Issues related the conditions of an inmate's confinement, which do not directly affect the fact of duration of custody, must be pursued in a civil rights action. Preiser, 411 U.S. at 499; Badea v. Cox, 934 F.2d 573, 574 (9th Cir. 1991).

Much if not most of the contents of petitioner's filings involves the conditions of his confinement, allegations of police misconduct and excessive force, and other matters that fall clearly outside the scope of this court's habeas jurisdiction. Because petitioner's claims regarding excessive force, jail medical care, harassment, Holy See conspiracy and so forth could not lead to

////

////

his immediate or speedier release from custody,[1] they fall outside the core of habeas corpus. See Nettles, 830 F.3d at 934-35. Such claims must be pursued in a civil rights action under 42 U.S.C. § 1983. See id. at 927-28.

C. Conclusion

For the reasons explained above, none of the petitions before the court contain claims that are suitable to proceed. It plainly appears that petitioner is not entitled to relief, and that any theoretically cognizable habeas claims are premature. Summary dismissal is accordingly appropriate.

Accordingly, IT IS HEREBY ORDERED that petitioner's outstanding motions to proceed in forma pauperis (ECF Nos. 6, 10, 33) are DENIED as incomplete.

IT IS FURTHER RECOMMENDED that:

1. This action be SUMMARILY DISMISSED;

2. All of petitioner's outstanding motions (see ECF Nos. 14, 16, 19, 20, 21, 22, 23, 24, 26, 28, 30, 32, 33, 35) be DENIED as moot; and

3. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner repeatedly demands immediate release, but that is not an available remedy for the violation of an inmate's civil rights.